UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMILITA BUNDY,

       Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, *et al.*,

       Defendants.
_____/

Case No. 10-12678

Bernard A. Friedman
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 12)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed her complaint and exhibits on July 6, 2010.  (Dkt. 1, 2).  This matter was referred to the undersigned on September 9, 2010 for all pretrial purposes.  (Dkt. 27).  Defendants Federal National Mortgage Association (FNMA), GMAC Mortgage (GMAC M), Homecomings Financial Network, Inc. (Homecomings), Mortgage Electronic Registration Systems, Inc. (MERS), filed a motion to dismiss on August 20, 2010.  (Dkt. 12).  Plaintiff filed a response on September 14, 2010.  (Dkt. 28).  Defendants filed a reply on September 24, 2010. (Dkt. 30).  Pursuant to notice, the Court held a hearing on December 1, 2010. (Dkt. 32).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendants' motion to dismiss be **GRANTED** in its entirety.[1]

## II.    FACTUAL BACKGROUND

This consumer lending case involves real property located at 150 Longfellow, Detroit, Michigan 48202. (Dkt. 1, ¶ 8). On July 24, 2006, plaintiff closed a mortgage loan with Homecomings. (Dkt. 1, ¶ 10; Dkt. 12-2). As security for the loans, plaintiff executed a promissory note and a mortgage. (Dkt. 12-2). MERS was the mortgagee under the Mortgage, as nominee for Homecomings, its successors, and assigns. (Dkt. 12-2). GMAC M and FNMA did not originate either loan or participate in the closing. (Dkt. 12-2). On November 30, 2009, MERS assigned the mortgage to GMAC M. (Dkt. 12-3).

Plaintiff defaulted on her obligations under the loan. (Dkt. 1, ¶ 17; Dkt. 1, Ex. C, 10/16/2009 default letter). The property was referred to foreclosure, and was sold to FNMA at a January 6, 2010 sheriff's sale. (Dkt. 1, ¶ 29; Dkt. 12-4, sheriff's deed). The statutory redemption period expired on July 6, 2010. (Dkt. 12-4). On August 10, 2010, the 36th District Court issued a judgment of possession holding that FNMA has the right to possession of the property. (Dkt. 12-5).

Plaintiff filed this lawsuit on July 6, 2010, alleging that she was not provided

---

[1] Claims against defendants Wayne County, Marshall Issacs, and Ralph Leggat are not resolved in this report and recommendation.

with various documents at the closing. (Dkt. 1, ¶¶ 12-13). Plaintiff also alleges assorted deficiencies with the foreclosure process and sheriff's sale, and seeks to rescind the sale. (Dkt. 1, ¶¶ 30-43). Plaintiff also alleges breach of contract, fraud/misrepresentation, along with violations of the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Procedures Act (RESPA), and the Racketeer Influenced and Corrupt Organizations Act (RICO). (Dkt. 1).

### III. ANALYSIS AND CONCLUSION

A. Standard of Review

1. Motion to dismiss and Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie*, *2.

Where a plaintiff is proceeding without the assistance of counsel, the court is

still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

A document not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotes and citation omitted). "[I]f the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F.Supp.2d 718, 721 (E.D. Mich. 2003). Accordingly, the loan applications, mortgages, and notes attached to defendants' motion are considered part of the pleadings, and the Court's consideration of these documents does not convert a motion to dismiss into

one for summary judgment. In addition, the mortgage, the Sheriff's deed, the assignment, and the judgment of possession from Michigan District Court case 10-319164 are publically available in the Wayne County Register of Deeds. The Court may take judicial notice of such publically available information when deciding a motion brought under Fed. R. Civ. P. 12(b)(6). *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

B.  Truth in Lending Act

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1999). TILA is a remedial statute and should be construed liberally in favor of the consumer. *Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1, 3 (1st Cir. 1981). "To insure that the consumer is protected, the

TILA and the regulations must be absolutely complied with and strictly enforced." *Greene v. Benefit Mortgage Corp.*, 2009 WL 56056, *8 (E.D. Mich. 2009), citing, *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983). "Even technical or minor violations of the TILA imposes liability on the creditor." *Greene*, at *8, citing, *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

Defendants assert that plaintiff's TILA damages claims are barred under TILA's one-year statute of limitations. Defendants' argument is well-taken. Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff's complaint indicates that the mortgage transaction at issue in this case occurred on July 24, 2006. (Dkt. 1, ¶ 10). Therefore, plaintiff's claim for damages under TILA, asserted for the first time on July 6, 2010, almost four years after the origination of the loan, is long time-barred. Plaintiff's TILA damages claim should be dismissed. *See e.g.*, *Aiyash v. BAC Home Loans Servicing*, *LP*, 2010 WL 4609219 (E.D. Mich. 2010), citing, *Lancaster v. Countrywide Home Loans, Inc.*, 2009 WL 2584736, 5 (E.D. Mich. 2009) (With respect to statutory damages for a TILA violation, "[p]laintiff obtained her 2006 Loan in May of 2006 and did not file the instant lawsuit until April 2009. The statutory period has run, and therefore, damages for Plaintiff's May 2006 Loan are barred."); *Keith v.*

*Countrywide Home Loans*, *Inc.*, 2009 WL 1324904, *2 (E.D. Mich. 2009) ("Plaintiffs mortgage originated on May 27, 2004 [,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired. As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint.").

Likewise, plaintiff's claim for rescission is barred by the three year statute of repose. Under 15 U.S.C. § 1635(f), the right to rescind expires three years after the date of the transaction. Plaintiff filed the complaint on July 6, 2010, more than three years after the alleged violations occurred at the origination and closing of the loan in July 2006. "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "[U]nlike the one year limitation on an action for damages, the three year limitation on actions for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling." *In re Community Bank*, 467 F.Supp.2d 466, 481 (W.D. Pa. 2006); *see also Thielen*, 671 F.Supp.2d at 955 (noting the right to rescind under TILA expires after three years). As more than three years have passed since the origination, plaintiff's claim for rescission is time-barred and should be dismissed.

C.   FDCPA

Plaintiff's complaint contains a claimed violation of the FDCPA against Orlans & Associates, which is not a defendant. (Dkt. 1, pp. 4-5). Plaintiff's complaint no allegations of FDCPA violations as to MERS and FNMA and the sole allegation concerning Homecomings and GMAC M is this statement: "The contract created by the original mortgage became void upon the violations of the provisions of . . . FDCPA committed by HOMECOMINGS FINANCIAL NETWORK/GMAC . . . ." (Dkt. 1, ¶ 23). The undersigned agrees with defendants that plaintiff has not pleaded any facts indicating how or when GMAC or Homecomings purportedly violated the FDCPA, and has not identified any provisions of the FDCPA that GMAC M and Homecomings allegedly violated. Based on the foregoing, the undersigned concludes that plaintiff has failed to state an FDCPA claim against any of the defendants.

D.   RICO

RICO defines a "pattern of racketeering activity" as "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Crimes comprising "racketeering activity" are listed under 18 U.S.C. § 1961(1) and are commonly referred to as "predicate acts." The listed predicate acts include, among others: mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); transportation of stolen property (18 U.S.C. § 2314); travel or transportation in aid of racketeering activity (18

U.S.C. § 1952); and receipt of stolen goods (18 U.S.C. § 2315). The Supreme Court requires a RICO plaintiff do more than merely recite two predicate acts because "there is something to a RICO pattern beyond the number of predicate acts involved." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 238 (1989). Rather, a plaintiff must show that "the predicate acts are related and that they constitute or pose a threat of continued criminal activity." *H.J. Inc.*, 492 U.S. at 239. It is this notion of "continuity plus relationship" that combines to produce a "pattern" under RICO. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 724 (6th Cir. 2006). Thus, merely pointing to two predicate acts is insufficient to meet the pattern requirement. A plaintiff must present evidence of "continuity," which "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241. A closed period of continuity may be demonstrated "by proving a series of related predicates extending over a substantial period of time." *Id.* at 242. However, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* In *Moon*, the Sixth Circuit held the plaintiff failed to state a RICO claim because he did not establish continuity. *Id.* at 719. The plaintiff's claim was based on allegations his employer colluded with an insurance provider and a physician to deny him workers compensation benefits. The court found that,

even though predicate acts occurring over a 30-month period may have constituted a "significant period of time," facts establishing a RICO pattern were still lacking because all of the alleged predicate acts "were keyed to [the defendants'] single objective of depriving [the plaintiff] of his benefits." *Id*. at 725. Where a single objective is alleged, "the purported racketeering activity does not bear the markings of the long-term criminal conduct about which Congress was concerned when it enacted RICO." *Id*. at 725-26.

In this case, plaintiff's complaint fails to allege any predicate acts. Plaintiff fails to identify even one of the required elements for a RICO claim, fails to identify which defendant alleged committed the violation, and fails to even identify the purported violation, and therefore has failed to plead a plausible RICO claim. The undersigned concludes that plaintiff's RICO claims as to all defendants should be dismissed.

    E.    <u>RESPA</u>

RESPA requires that a loan servicer acknowledge borrower inquiries within 20 days, and substantively respond within 60 days. 12 U.S.C. § 2605(e)(1)(A), (2). If a servicer fails to do so, the servicer is liable for "actual damages to the borrower as a result of the failure . . ." as well as additional damages, not to exceed $1,000, in the case of a pattern and practice of noncompliance. 12 U.S.C. § 2605(f)(1). According to defendants, a claim for relief based on a purported failure to respond

to a qualified written request must be dismissed when the plaintiff fails to show any damages resulting from that purported failure to respond. (Dkt. 12). Defendants request dismissal of plaintiff's RESPA claim based on the letters attached to plaintiff's complaint, which show that GMAC M timely responded to plaintiff's correspondence. (Dkt. 1, Ex. E). Defendants also argue that plaintiff's RESPA claim must failed because the Complaint contains no allegations regarding any damages that occurred as a result of GMAC M and Homecoming's purported failure to respond to the qualified written request. Rather, plaintiff's allegations appear to concern the origination of the loan and the conduct of the sheriff's sale.

Failure to plead how a response to a qualified written request is inadequate under RESPA renders a claim fatally defective. *Thomas v. Trott & Trott*, 2011 WL 576666, *8 (E.D. Mich. 2011). Failure to plead the existence of damages also renders a RESPA claim fatally defective. *Jarbo v. BAC Home Loan Servicing*, 2010 WL 5173825, *5 (E.D. Mich. 2010); *see also Seman v. National City Home Equity*, 2010 WL 4608785 (E.D. Mich. 2010). Given that plaintiff has failed to plead how the responses were inadequate or the existence of any damages resulting from the alleged failure to timely respond the qualified written request, she has failed to state a claim under RESPA. Plaintiff's RESPA claims as to all defendants should be dismissed.

  F. <u>State Law Claims</u>

1. Challenge to foreclosure

Defendant argues that plaintiff does not have standing to challenge the foreclosure sale because she does not possess any interest in the property. To establish standing, a plaintiff is required to "show that [he] had suffered an actual or imminent, concrete and particularized injury as a result of defendant's [actions], which injury likely would be redressed by a favorable decision." *American Family Ass'n of Michigan v. Michigan State University Bd. of Trs.*, 276 Mich.App. 42, 43; 739 N.W.2d 908 (2007). According to defendants, plaintiff lost standing to challenge the foreclosure sale after the expiration of the redemption period on July 6, 2010. Mich. Comp. Laws § 600.3240(8); (Dkt. 12, Ex. 3). As defendants point out, following foreclosure, the rights and obligations of the parties are governed by statute. *Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 50-53, 503 N.W.2d 639 (1993). After a sheriff's sale, a mortgagor is entitled to a period of time in which to redeem the property. Mich. Comp. Law. § 600.3240(1). The statutory redemption period for this residential real property is six months. Mich. Comp. Law § 600.3240(8). At the expiration of the statutory redemption period, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. Mich. Comp. Law. § 600.3236; *see also Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942) (noting that the "[p]laintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right

of redemption . . . .").

Defendants assert that plaintiff's filing of this lawsuit on the last day of the redemption period did not stay the expiration of the redemption period. The Michigan Court of Appeals recently decided a case addressing this very issue. *Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich.App. 2009). In *Overton*, the plaintiff claimed fraud in connection with a foreclosure sale. *Id*. at *1. The redemption period expired a few weeks after the plaintiff filed suit, and the defendants brought a motion for summary disposition asserting that the plaintiff no longer had standing to challenge the foreclosure sale because he had no interest in the subject property. *Id*. The trial court granted summary disposition in the defendants' favor, and the Court of Appeals affirmed. *Id*. The Court of Appeals explained that:

> Plaintiff's suit did not toll the redemption period. Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property. Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale . . . . Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.

*Id*.; *see also Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, *5 (Mich.App. 2007) ("After the redemption period expired,

plaintiff no longer had any right or interest in the property, because the property had been validly purchased at a foreclosure sale. At that point, the trial court could not grant plaintiff the relief it sought (title to the property) if it were successful in its suit.").

Here, the property was sold at a foreclosure sale on January 6, 2010. (Dkt. 12, Ex. 3). Plaintiff did not redeem the property during the six-month redemption period. Instead, plaintiff filed this lawsuit on the last day of the redemption period, which does not toll the redemption period. *See Overton*, 2009 WL 1507342 at * 1. Thus, the undersigned agrees with the moving defendants that, on July 6, 2010, FNMA, as the purchaser of the sheriff's deed was vested with "all the right, title, and interest" that plaintiff previously held in the property. Plaintiff does not have standing to seek the reversal of the sheriff's sale, and therefore, her claims seeking the reversal of the sheriff's sale should be dismissed.

      2.      Fraud/Misrepresentation

Under Michigan law, the elements constituting actionable fraud are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247

N.W.2d 813 (1976), quoting, *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141 (1919). If even one of these elements is absent, the plaintiff will not prevail on a fraud claim. *Id*. Moreover, misrepresentation claims must be pleaded with particularity. Fed.R.Civ.P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake."). Components such as time, place, and the contents of the fraud are critical to a finding of sufficient particularity. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (noting that Fed. R. Civ. P. 9(b) requires "that the plaintiff specify the who, what, when, where, and how of the alleged fraud.") (internal quotations omitted). Fraud is inadequately pleaded when the "complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them" and "does not enable a particular defendant to determine with what it is charged." *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). "[A] court may dismiss any claims in which the particularity requirement has not been met." *Barkho v. Homecomings Financial, LLC*, 657 F.Supp.2d 857, 863 (E.D. Mich. 2009).

    Here, plaintiff's complaint fails to allege all of the required elements of a misrepresentation claim. As noted by defendants, with the exception of a few passing references to the moving defendants, plaintiff does not allege that any of

the moving defendants made any specific representations of any kind. (Dkt. 1). Rather, most of the purported misrepresentations appear to allegedly have been made by Orlans Associates, which is not a named defendant in this litigation. Plaintiff does not allege with any particularity which, if any, representations were made by the moving defendants, when they were made, the contents of these purported representations, or which of the defendants purportedly made them. Plaintiff also does not plead any facts indicating that these purported misrepresentations contained false information. Plaintiff's allegations focus on the alleged invalidity of the sheriff's sale, and the complaint attempts to characterize these events as "misrepresentations." Plaintiff cannot circumvent her lack of standing regarding the foreclosure by attempting to shoehorn the sheriff's sale into a fraud claim.

Moreover, plaintiff's complaint does not allege that any misrepresentation was made to her or that she relied on any such misrepresentations to her detriment. Rather, plaintiff's complaint alleges that FNMA was the party who relied on the alleged misrepresentations to its detriment. (Dkt. 1, ¶ 42(d) "ORLANS & ASSOCIATES intended Federal National Mortgage Association to act upon the misrepresentation . . . ."); ¶ 42(f) ("as a result of the fraudulent statements . . . Federal National Mortgage Association purchased . . . the property"; ¶ 42(g) (the misrepresentations "fraudulently lead Federal National Mortgage Association to

believe that the sale of Plaintiff's foreclosed property was bona fide."). Plaintiff does not plead, however, that she relied on these misrepresentations to her detriment. For these reasons, the undersigned concludes that plaintiff has failed to state a misrepresentation claim against any of the moving defendants.

> 2. Breach of Contract

"Under Michigan law, the elements of a breach of contract claim are: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Burton v. William Beaumont Hosp.*, 373 F.Supp.2d 707, 718 (E.D. Mich. 2005), citing, *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999). Plaintiff's breach of contract claims also fails because plaintiff has failed to plead any facts in support of this claim. Plaintiff appears to assert this claim against non-party Orlans Associates only. (Dkt. 1, ¶¶ 31-32). Plaintiff makes no reference to MERS, FNMA, Homecomings, or GMACM breaching any sort of provision of the mortgage. Moreover, plaintiff's assertion that the mortgage does not contain a power of sale is incorrect. (Dkt. 1, ¶ 33). The mortgage expressly references the power of sale. (Dkt. 12-2, p. 3) ("Borrower does hereby mortgage . . . with the power of sale, the following described property . . . ."). Further, to the extent plaintiff claims breaches of §§ 15 and 22 of the mortgage (Dkt. 1, ¶ 31), plaintiff has failed to allege how these provisions were

breached, or which defendant purportedly breached them. Because plaintiff's "breach of contract count consists of nothing more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s],' it fails to state a claim." *Jarbo*, at *10, quoting, *Iqbal*, 129 S.Ct. at 1949. Thus, plaintiff's contract claims as to the moving defendants should be dismissed.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 25, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 25, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Robert H. Ellis, Aaron C. Thomas, and Timothy B. Myers, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Carmilita Bundy, 150 Longfellow Street, Detroit, MI 48202.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov