UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMILITA BUNDY,

    Plaintiff,                                                 Civil Action No. 10-12678

vs.                                                          HON. BERNARD A. FRIEDMAN

FEDERAL NATIONAL
MORTGAGE ASSOCIATION, et al.,

    Defendants.
_____

## OPINION AND ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter is presently before the court on the motion of defendants Federal National Mortgage Association, GMAC Mortgage, LLC, Homecomings Financial, LLC, and Mortgage Electronic Registration Systems, Inc., to dismiss [docket entry 12]. Plaintiff has responded and defendants have replied. Magistrate Judge Michael Hluchaniuk has submitted a report and recommendation ("R&R") in which he recommends that defendants' motion be granted. Plaintiff has filed timely objections to the R&R. The court reviews *de novo* those portions to the R&R to which specific objections are made. *See* Fed. R. Civ. P. 72(b)(3).

        This is a "wrongful foreclosure" action in which plaintiff seeks relief under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Real Estate Settlement Procedures Act ("RESPA"), and for misrepresentation and breach of contract. The magistrate judge concludes that plaintiff's TILA claims for damages and rescission are time barred; that plaintiff has failed to state a claim under the FDCPA, RICO or RESPA; that plaintiff lacks standing to challenge the sheriff's sale at issue in this case; and that plaintiff has failed to state claims for misrepresentation or breach of contract. He therefore recommends that defendants' motion to dismiss be granted.

        In her objections, plaintiff does not address any of the magistrate judge's analysis. Rather,

she urges the court to reject the R&R on the grounds that the sheriff's sale at issue in this case was void because she was not given proper notice. As the magistrate judge noted at pages 13-15 of his R&R, plaintiff has lost standing to object to any irregularities which may have occurred in connection with the sheriff's sale because the redemption period has expired. Plaintiff had six months during which to challenge the sheriff's sale, or to redeem her interest in the property. Instead of taking action during that time, plaintiff waited until the very last day of the redemption period to file the instant lawsuit. As the magistrate judge noted, the filing of a lawsuit does not toll the redemption period. Once that period expires, any rights in the property which may have been held by the previous title holder are extinguished. In the present case, the redemption period expired on July 6, 2010, the same day plaintiff commenced the instant action. Plaintiff has offered no reason in her objections, and the court is aware of none, as to why she has had standing after this date to challenge the foreclosure. Accordingly,

IT IS ORDERED that Magistrate Judge Hluchaniuk's Report and Recommendation of February 25, 2011, is hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that the motion of defendants Federal National Mortgage Association, GMAC Mortgage, LLC, Homecomings Financial, LLC, and Mortgage Electronic Registration Systems, Inc., to dismiss [docket entry 12] is granted.

Dated: March 17, 2011
    Detroit, Michigan

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE