UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMILITA BUNDY,                              Case No. 10-12678

       Plaintiff,                              Bernard A. Friedman
vs.                                                        United States District Judge

FEDERAL NATIONAL MORTGAGE          Michael Hluchaniuk
ASSOCIATION, *et al.*,                       United States Magistrate Judge

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS/SUMMARY JUDGMENT (Dkt. 37),**
**MOTION FOR PRELIMINARY INJUNCTION (Dkt. 41),**
**AND MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 44)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed her complaint and exhibits on July 6, 2010. (Dkt. 1, 2). This matter was referred to the undersigned on September 9, 2010 for all pretrial purposes. (Dkt. 27). On March 8, 2011, defendants Leggat and Wayne County filed a motion to dismiss and for summary judgment. (Dkt. 37). The Court ordered plaintiff to respond by April 1, 2011. (Dkt. 40). That Order also provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 40) (emphasis added). On April 1, 2011, defendant Isaacs filed a motion for judgment on the pleadings. (Dkt. 44). The Court ordered plaintiff to respond by April 25, 2011.

1

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

(Dkt. 45). This order also included the same sanctions warning noted above. (Dkt. 45). Plaintiff did not timely file responses to either motion, nor made any attempt to seek any extensions of time to file such responses. Thus, the undersigned issued a show cause order, requiring plaintiff to explain in writing her failure to respond. (Dkt. 48). The show cause order warned plaintiff that failure to timely and adequately respond would result in a recommendation that her complaint be dismissed. (Dkt. 48). Plaintiff filed a response to the show cause order (Dkt. 50) and also filed a "response" to the dispositive motion filed by defendants Leggat and Wayne County. (Dkt. 49). Plaintiff has never filed a response to defendant Isaacs dispositive motion or explained her failure to do so. A detailed factual background and history of plaintiff's claims can be found in the report and recommendation dated February 25, 2011 (Dkt. 34), which was adopted by the Court on March 17, 2011. (Dkt. 42).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for preliminary injunction be **DENIED**, that defendants' Leggat and Wayne County motion be **GRANTED**, that the claims against defendant Isaacs be **DISMISSED** *sua sponte*, that defendant Isaac's motion for judgment on the pleadings be **DENIED** as moot, and that plaintiff's complaint be **DISMISSED**, with prejudice.

2

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

## II.     ANALYSIS AND CONCLUSIONS

### A.     Defendant Isaacs

As explained in the show cause order, under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

3

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule

4

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff twice that dismissal or summary judgment in defendant's favor would be granted if she failed to file a response and that failure to comply with the show cause order would result in an order recommending dismissal. (Dkt. 45, 48). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh

5

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

in favor of dismissal.  Finally, given plaintiff's repeated failure to file responses as ordered, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."  *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984).  Here, plaintiff repeatedly failed to comply with orders of the court.  Under the circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

      B.     <u>Motion to Dismiss/Summary Judgment by Defendants Leggat and Wayne County</u>[1]

Plaintiff alleges in her complaint that defendant Leggat conducted an illegal sheriff's sale because he does not qualify as a deputy under Mich. Comp. Laws § 600.3216.  (Dkt. 1, ¶ 34).  There do not appear to be any allegations against

---

[1] The undersigned makes recommendations to dismiss plaintiff's complaint against these defendants for failure to state a claim, rather than under the summary judgment standard.  The applicable standard of review may be found in the February 25, 2011 Report and Recommendation.  (Dkt. 34).

6

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

Wayne County, except that defendant Isaacs "deliberately mislead [sic] the Wayne County Register of Deeds and the Wayne County Sheriff Department by falsifying documents" in conjunction with the Sheriff's sale. (Dkt. 1, ¶ 40).

As a properly deputized special deputy (which plaintiff does not dispute), the special deputy sheriff (defendant Leggat) was authorized to conduct the sale on the property. *See e.g.*, *Drew v. Kemp-Brooks*, 2011 WL 2936103, *6 (E.D. Mich. 2011). Michigan law allows for the creation of special deputies who may be deputized for the purposes of performing particular acts. Michigan Compiled Laws § 51.70 provides that "[p]ersons may also be deputized by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies ...." Mich. Comp. Laws § 51.70. In other words, § 51.70 specifically allows a sheriff to appoint special deputies to perform any particular acts that the Sheriff himself is authorized by law to perform. *Drew*, at * 6, citing, *Tower v. Welker*, 93 Mich. 332, 335; 53 N.W. 527 (1892) (finding that Michigan law allows sheriffs to appoint deputies and undersheriffs who, once appointed, have all of the ministerial powers of a sheriff: "In general, all ministerial duties which the principal himself has a right to perform may be discharged by a deputy."). Moreover, the Michigan Court of Appeals has recently held that a special deputy appointed under § 51.70 can perform foreclosure sales. *Kubicki v. Mortgage Electronic Registration Sys.*, ___ Mich.App. ___, 2011 WL 668118 (2011); *see also English v. Flagstar Bank*,

7

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

2009 WL 4730450, *2 (E.D. Mich. 2009) (holding special deputy's appointment by undersheriff valid). As such, plaintiff's claim that the sale was invalid because of the special deputy sheriff's role fails to state a claim on which relief can be granted and should be dismissed.

Defendants also move for summary judgment on plaintiff's claim that the sheriff's sale was invalid because the property was sold two weeks later than the original sale date without a notice of the adjournment of sale. Defendants have attached the affidavit of Deputy Chief James Spivey, and records maintained by the Wayne County Sheriff, Court Services Division, establishing that the notice of adjournment was posted in accordance with Mich. Comp. Laws. § 600.3220.[2] (Dkt. 37-6).

In her response, plaintiff claims that the intent of this statute is to allow the "opposing party, the party who did not schedule the sheriff sale, a means of adjourning the scheduled sheriff sale to a later date." (Dkt. 49, Pg ID 418). According to plaintiff, the County will not allow a homeowner to request an adjournment, which is the opposite of the intention of the statute. (Dkt. 49, Pg ID 419). Plaintiff maintains that the statutory language "the party in whose name the

---

[2] A sheriff's foreclosure sale "may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made." Mich. Comp. Laws § 600.3220.

8

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

notice of sale is published is never the party who scheduled the mortgage sale. Plaintiff relies on *Gottlieb v. McArdle*, 580 F.Supp. 1523 (E.D. Mich. 1984) to support her argument.

In reply, defendants point out that plaintiff fails to cite any Michigan law to support her "novel" argument that only the mortgagor can request an adjournment of sale. (Dkt. 51). Defendants argue that even if the Court assumes that the notice of adjournment was defective, plaintiff has failed to identify any prejudice and thus, her claim fails. Defendants also point out that plaintiff's reliance on *Gottlieb* is misplaced, given that *Gottlieb* involved the Multifamily Mortgage Foreclosure Act and a foreclosure on an apartment building, which is clearly not the case here. Defendants point out that plaintiff did not plead this theory in her complaint.

In the view of the undersigned, plaintiff has not alleged any prejudice resulting from any defect in the notice of the adjournment of sale. The failure to allege or show prejudice resulting from such a defective notice constitutes a failure of the claim. *See e.g. Adams v. Wells Fargo Bank*, 2011 WL 3500990, *4 (E.D. Mich. 2011), citing *Sweet Air Investment, Inc. v. Kenney*, 275 Mich.App. 492, 739 N.W.2d 656 (2007); *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 162 Mich.App. 750, 413 N.W.2d 99 (1987); *See also Drew v. Kemp-Brooks, supra* ("Even assuming the foreclosure sale adjournments were defective, invalidation of the sale is not warranted because Plaintiff fails to allege any prejudice from the alleged

9

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

defects."). As for plaintiff's novel argument under *Gottlieb*, the undersigned agrees with defendants that plaintiff failed to plead such a claim and has failed to explain how *Gottlieb* or the Multifamily Mortgage Foreclosure Act applies to the foreclosure at issue in this case. Thus, plaintiff's claims against defendants Leggat and Wayne County should be dismissed for failure to state a claim on which relief can be granted.

    C.    Preliminary Injunction

Given the conclusions previously reached in the February 25, 2011 Report and Recommendation adopted by the Court, should this report and recommendation be adopted by the Court, all of plaintiff's claims against all defendants will be dismissed with prejudice. Thus, in the view of the undersigned plaintiff's motion for an injunction to preclude eviction based on the foreclosure is moot and should be **DENIED**.

### III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for preliminary injunction be **DENIED**, that defendants' Leggat and Wayne County motion be **GRANTED**, that the claims against defendant Isaacs be **DISMISSED** *sua sponte*, that defendant Isaac's motion for judgment on the pleadings be **DENIED** as moot, and that plaintiff's complaint be **DISMISSED**, with prejudice.

10

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

11

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678

Date: November 15, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on November 15, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Robert H. Ellis, Aaron C. Thomas, and Timothy B. Myers, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Carmilita Bundy, 150 Longfellow Street, Detroit, MI 48202.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

12

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal/Preliminary Injunction
*Bundy v. FNMA*; Case No. 10-12678